UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GODFREY A. JELKS,

          Plaintiff,

  -against-

LUTHERAN (WARTBURG) NURSING HOME,

          Defendant.
----------------------------------------------------------------x

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 12 2006 ★
BROOKLYN OFFICE

MEMORANDUM AND ORDER
06-CV-5093 (ARR)

ROSS, United States District Judge:

On September 20, 2006, plaintiff Godfrey A. Jelks, a resident of Brooklyn, New York, filed this *pro se* action against Wartburg Lutheran Home For The Aging, located in Brooklyn, New York. Plaintiff has paid the requisite filing fee to bring this action. For the reasons discussed below, plaintiff is granted thirty (30) days leave from the entry of this Order to find counsel to proceed in this action.

## BACKGROUND

Plaintiff brings this action as "special guardian" and executor of the estate of his late aunt Eva T. Clark ("Ms. Clark"). Although plaintiff's complaint is quite disjointed and rambling, in sum, he argues that Ms. Clark, who owned real property located at 647 Sheffield Street in Brooklyn, New York and suffered from Alzheimer's disease, with disorientation, was improperly transferred to Wartburg Lutheran Home For The Aging ("Wartburg") on or about May 12 1999, following treatment at Brookdale Hospital for injuries she sustained in a fall. Compl. at 1, 2, 21 and Exhibit J. Plaintiff states that on May 19, 1999, Ms. Clark was discharged from Wartburg to her home, and was readmitted to Wartburg on May 24, 1999 and then discharged to her home

again in August of 1999. Compl. at 4, Exhibits C, L. Plaintiff alleges that during this second admission, defendant Wartburg, by several of its employees, illegally facilitated a new power of attorney from Ms. Clark to her nephew Anton Brown ("Brown"). Plaintiff alleges that Brown was a convicted felon who abused his power of attorney by illegally taking Ms. Clark's assets. Compl. at 5, Exhibit B.

On August 19, 1999, plaintiff and Brown signed a Letter of Agreement with Wartburg agreeing that "[i]f Medicaid should be denied for any reason, we will then be responsible for the sum of $25,310.50 to cover the cost of care to Ms. Eva Clark in the Nursing Home for the above dates." See Exhibit C. It appears that Medicaid was subsequently denied to Ms. Clark for failure to supply documentation and Wartburg initiated a lawsuit against Ms. Clark on October 31, 2000 in Civil Court of the City of New York, Kings County to collect the money owed to them. See Exhibits C, F, and I.

Plaintiff further alleges that Wartburg participated in a conspiracy with Menorah Nursing Home ("Menorah"), where Ms. Clark was cared for from approximately February 18, 2000 through the date of her death on August 27, 2005, to deprive Ms. Clark of her personal and real property. Compl. at 11, Exhibits N, R. Plaintiff also alleges that Wartburg improperly treated Ms. Clark, caused or accelerated her dementia and ultimately caused her wrongful death. Compl. at 11, 21. Finally, plaintiff alleges that Wartburg acted "in a discriminatory way" regarding Ms. Clark's Medicare, Medicaid, Social Security and civil service pension benefits. Complaint at 21. Plaintiff seeks $113,000 in damages. Compl. at 20.

## DISCUSSION

*Pro Se Status*

As a preliminary matter, the court notes that the right to proceed *pro se* in civil actions in federal courts is guaranteed by 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." Pursuant to this statute, a "litigant in federal court has a right to act as his or her own counsel." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (citations omitted). Although this right to self-representation is broad and has deep historical roots, see discussion in Iannaccone v. Law, 142 F.3d 553, 556-58 (2d Cir. 1998), it is qualified by the rule that "a person may not appear on another person's behalf in the other's cause." Id. at 558. This qualification is significant in the context of litigation involving a decedent, and the Second Circuit has held that "an administrat[or] or execut[or] of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." Pridgen, 113 F.3d at 393. The Second Circuit reasoned that "when an estate has beneficiaries or creditors other than the administrat[or] or execut[or], the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." Id. (internal quotation omitted). Here, plaintiff does not set forth any allegations personal to him; rather, all his claims are on behalf of his aunt's estate or are related in some way with how his aunt received medical and other services. Thus plaintiff, an executor, is barred from proceeding *pro se* in this action to litigate any claims on behalf of Ms. Clark's estate.

3

Subject Matter Jurisdiction

Furthermore, the Court questions the basis for federal jurisdiction. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331), or plaintiff and each defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see Fed. R. Civ. P. 12(h)(3).

Here, notwithstanding plaintiff's conclusory allegations of constitutional violations, see Compl. at 21, plaintiff does not allege any federal claims, but appears to be asserting a state law wrongful death action against defendant, as executor of Ms. Clark's estate. Diversity jurisdiction is also lacking in this case. See 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (a district court may only exercise original jurisdiction over cases "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). As such, this Court appears to lack subject matter jurisdiction over this matter.[1]

---

[1] To the extent plaintiff brings the instant complaint as a means to challenge the orders of the civil court in Wartburg's October 31, 2000 action against Ms. Clark, the Rooker-Feldman doctrine precludes this court from exercising jurisdiction in this matter. Under the Rooker-Feldman doctrine–Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)–a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.

4

# CONCLUSION

Accordingly, plaintiff is granted thirty (30) days leave from the entry of this Order to find counsel to proceed in this action. All further proceedings shall be stayed for thirty (30) days. If plaintiff fails to obtain counsel within the time allowed, the complaint shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
October 11, 2006