FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y.

NOT FOR ELECTRONIC OR PRINT PUBLICATION ✶ ✶✶ ✶ 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GODFREY A. JELKS,

          Plaintiff,

-against-

LUTHERAN (WARTBURG) NURSING HOME,

          Defendant.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-5093 (ARR)

ROSS, United States District Judge:

On September 20, 2006, plaintiff Godfrey A. Jelks, a resident of Brooklyn, New York, filed this *pro se* action against Wartburg Lutheran Home For The Aging ("Wartburg"), located in Brooklyn, New York. Plaintiff paid the requisite filing fee to bring this action. By Order dated October 11, 2006, the Court granted plaintiff thirty (30) days leave from the entry of the Order to find counsel to proceed in this action. Plaintiff has declined to obtain counsel and instead filed a response to the Court's Order, titled "Answer to Memorandum and Order" ("Plaintiff's Answer"), dated November 2, 2006. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

*Pro Se* Status

Plaintiff filed this action as "special guardian" and executor of the estate of his late aunt Eva T. Clark ("Ms. Clark"). The Court's October 11, 2006 Order advised plaintiff that although the right to proceed *pro se* in civil actions in federal courts is guaranteed by 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own

cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein," it is qualified by the rule that "a person may not appear on another person's behalf in the other's cause." Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). The Court further advised plaintiff that the Second Circuit has held that "an administrat[or] or execut[or] of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (citations omitted). The Second Circuit reasoned in Pridgen that "when an estate has beneficiaries or creditors other than the administrat[or] or execut[or], the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." Id. (internal quotation omitted). Because plaintiff's complaint does not set forth any allegations personal to him; rather, all his claims are on behalf of his aunt's estate or are related in some way with how his aunt received medical and other services at various nursing homes, the Court advised plaintiff that as executor of his aunt's estate, he is barred from proceeding *pro se* in this action to litigate any claims on behalf of Ms. Clark's estate.

In his November 2, 2006 submission, plaintiff argues that

> there are no creditors and other heirs to the person and property of the late Eva T. Clark. In section Seventh of the last will and testament . . . [t]he clause giv[es] the executor 'the rest, residue and Remainder of [Ms. Clark's] property and net estate,' 'to dispose of as he sees fit and His decision shall be final.'

See Plaintiff's Answer at 1, ¶2. However, despite plaintiff's argument that there are no other creditors involved in Ms. Clark's estate, the facts and allegations enumerated in plaintiff's complaint, as well as in his November 2, 2006 submission, appear to contradict plaintiff's

assertion. Specifically, plaintiff alleges in his complaint that Wartburg initiated a lawsuit against Ms. Clark on October 31, 2000 in Civil Court of the City of New York, Kings County to collect money owed to them. See Compl., Exhibits C, F, and I. In addition, in 1993, Menorah Home and Hospital for the Aged and Infirm ("Menorah Home") also filed a lawsuit against plaintiff in Kings County Supreme Court to collect damages in the amount of $41,640.56. See Plaintiff's Answer, Exhibit 8. Menorah Home's complaint alleged that plaintiff "wrongfully conveyed [Ms. Clark's] assets to [plaintiff], without fair consideration in order to prevent Menorah from recovering monies due it for the nursing care services it provided to [Ms. Clark]." See Id., Menorah's Complaint at ¶ 6. Because it is unclear how these lawsuits were resolved, and whether Wartburg and Menorah Home are creditors to Ms. Clark's estate, the Court is unable to determine whether plaintiff has a right to proceed *pro se* in this action.

Subject Matter Jurisdiction

In any case, regardless of whether plaintiff may proceed *pro se* in this matter, plaintiff's complaint must be dismissed as it is clear that there is no basis for subject matter jurisdiction. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331), or plaintiff and each defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see Fed. R. Civ. P. 12(h)(3).

3

Here, notwithstanding plaintiff's conclusory allegations of constitutional violations, see Compl. at 21, plaintiff does not allege any federal claims, but appears to be asserting a state law wrongful death action against Wartburg, as executor of Ms. Clark's estate. Plaintiff's attempt to re-cloak this wrongful death claim as a civil rights claim is unavailing. Anderson v. Bowen, 881 F.2d 1, 5 n.10 (2d Cir. 1989) (where the constitutional claim appears to be nothing more than a state court claim recloaked in constitutional garb, the constitutional claim is insufficient to confer jurisdiction). Furthermore, plaintiff's November 2, 2006 answer resubmits allegations and arguments previously made in his original complaint and does not offer any new basis for subject matter jurisdiction. Similarly, federal jurisdiction is not available under 28 U.S.C. § 1332. Handelsman v. Bedford Vill. Assocs., 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit ... be completely diverse with regard to citizenship.") (internal quotation marks and citations omitted). Thus, although this Court is sympathetic to plaintiff's situation, plaintiff's recourse is through the state court system.

Moreover, to the extent plaintiff brings the instant complaint as a means to challenge or re-litigate the orders of the civil court in Wartburg's October 31, 2000 action against Ms. Clark, or the orders of the civil court in Menorah Home's 2003 lawsuit against plaintiff, the Rooker-Feldman doctrine further precludes this Court from exercising jurisdiction in this matter. Under the Rooker-Feldman doctrine–Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)–a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir.2000) (per curiam). Although plaintiff paid the filing fee to bring this action, if he requests *in forma pauperis* status for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
November 27, 2006